[S. F. No. 513. Department One.—January 5, 1898.]

HOME FOR THE CARE OF THE INEBRIATE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

HOME FOR INEBRIATES—DEDICATION OF LOT TO PUBLIC USE—PRIVATE CORPORATION—TITLE OF CITY AND COUNTY.—The dedication of a lot in the city and county of San Francisco for a "Home for Inebriates," by virtue of proceedings had under Order 800, reserved the lot from private occupation, and dedicated it to a public use, and a private corporation known as the "Home for the Care of the Inebriate," without any of the elements of a public agency, can have no right to the lot, or to its possession under such proceedings, but the title remained in the city and county for the public use designated.

ID.—CONSTRUCTION OF ACT OF 1870—ACTION TO QUIET TITLE OF PRIVATE CORPORATION—JUDGMENT FOR CITY AND COUNTY—PRESUMPTIONS UPON APPEAL. In an action to quiet the title of such private corporation against

the city and county of San Francisco to such lot, where plaintiff claimed title under the act of April 1, 1870, purporting to vest the title of the city and county in such corporation to a lot described therein merely as "set apart by the board of supervisors of San Francisco, or a committee of said board, to and for a corporation known as the 'Home for the Care of the Inebriate,'" upon appeal from a judgment quieting the title of the city and county, where there is no evidence or finding in the record to show that any lot was ever set apart to such corporation, or that the lot dedicated by the city to public use was ever intended for such corporation, it must be presumed that the "Home for Inebriates" described in Order 800 was not a corporation, and was not the same organization as the private corporation, "Home for the Care of the Inebriate," and that, inasmuch as the board of supervisors could set apart the land only for public uses, it did not set apart the lot in question for the private use of the plaintiff, and it must be presumed further that there was no evidence from which any finding could be made that plaintiff was the beneficiary intended by the board of supervisors.

ID.—STATUTE OF LIMITATIONS—ADVERSE POSSESSION—PRESCRIPTION—PUBLIC USE.—No title could be acquired by the plaintiff by adverse possession under the statute of limitations, or by prescription to a lot dedicated to public use.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. B. C. Hebbard, Judge.

The facts are stated in the opinion of the court.

Sawyer & Burnett, for Appellant.

Harry T. Creswell, and James L. Gallagher, for Respondent.

HARRISON, J.—The plaintiff claims to be the owner of a lot of land within the boundaries of the city and county of San Francisco, and brought this action against the defendant to quiet its title thereto. The defendant denied the plaintiff's right to the land, and alleged itself to be the owner of the land, and asked a judgment quieting its title thereto as against the plaintiff. Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

The land in question is within that portion of the corporate limits of San Francisco which is embraced within the terms of the act of Congress of March 8, 1866. (14 U. S. Stats., p. 4.) By that act Congress granted to the city its interest in the lands therein described, and confirmed the city's claim thereto, upon

the trust that the portion thereof not previously granted to the city, and which includes the land in question, should be conveyed by the city to parties in *bona fide*, actual possession thereof at the date of the act, as might be prescribed by the legislature of the state of California, "except such parcels thereof as may be reserved and set apart by ordinance of said city for public uses." After the passage of this act, the board of supervisors of San Francisco adopted an ordinance for the purpose of carrying its provisions into effect, commonly called "Order No. 800," and this ordinance was ratified and confirmed by the legislature March 27, 1868. (Stats. 1867-68, p. 379.) By this ordinance it was provided that the board of supervisors should adopt a plan for the subdivision of the land into blocks and lots, and should select and set apart for public uses such lots and portions of said land as it might deem necessary, and should cause a map to be prepared according to this plan, upon which "shall be designated the lots and portions of land set apart for public uses, and the particular use for which each lot or portion of land shall have been set apart," and that upon the adoption of said map the portions of land designated thereon for any public purpose "shall be deemed absolutely dedicated as such." A map was thereupon prepared and adopted by the board of supervisors, upon which the lot of land described in the complaint herein was designated as having been set apart for "Home of Inebriates," and on December 7, 1868, the committee on outside lands reported to the board of supervisors that this lot was reserved for the "Home of Inebriates," and on the same day the board of supervisors confirmed and adopted this report. By these proceedings the lot of land described in the complaint was reserved by the city and dedicated to public use. As the plaintiff is a private corporation, without any of the elements of a public agency, these proceedings did not, under the principles declared in *California Academy of Sciences v. San Francisco*, 107 Cal. 334, confer upon it any right in the land, or to its possession.

The plaintiff, however, disclaims any right by virtue of the proceedings under order No. 800, but contends that the title to the lot was vested in it by virtue of section 7 of an act of the legislature, approved April 1, 1870. (Stats. 1869-70, p. 586.) This section is as follows: "The title to the lot set apart by the

board of supervisors of San Francisco, or a committee of said board, to and for the corporation known as the 'Home for the Care of the Inebriate,' is hereby confirmed to said corporation; and the title of said city and county in and to said lot is vested in said corporation forever." The lot described in the complaint herein is not, however, described in the act of 1870, nor does it appear from the record herein that any lot was ever set apart to the plaintiff by the board of supervisors, and it is only by inference that it can be claimed that the lot of land set apart for "Home of Inebriates" was ever intended for the plaintiff. The superior court has found that the lot of land described in the complaint is the same which was reserved for the use of "Home of Inebriates," but it has not found that any lot was set apart for the plaintiff, or that the plaintiff was the beneficiary for which such reservation was intended. It cannot be assumed that the lot of land set apart for the use of "Home of Inebriates" was intended for the plaintiff, or that "Home of Inebriates" is a corporation, or is the same organization as "Home for the Care of the Inebriate." If any presumption is to be indulged, it would be to the contrary, for aside from the want of identity in the names, inasmuch as the board of supervisors could set apart the land for only public uses, there can be no presumption that it set apart the lot in question for the private use of the plaintiff. Upon an appeal from a judgment, error must be affirmatively shown in order to justify its reversal. Otherwise all presumptions necessary therefor will be invoked in support of the judgment. As it was necessary for the plaintiff to show that it was the beneficiary intended by the board of supervisors for the lot in question, the failure of the court to make such finding authorizes the presumption that there was no evidence before it from which such finding could be made. It is unnecessary, therefore, to determine whether the legislature had the power to vest in the plaintiff the title to the lot in question.

The plaintiff acquired no title to the land by virtue of the statute of limitations. The court has made no finding of fact in support of this claim, and it does not appear that the plaintiff offered any evidence authorizing such finding. The finding that the plaintiff has had possession of the lot since the passage of the aforesaid act of 1870 is of no avail, in view of the other

findings to the effect that the lot had been dedicated to public use. The lot was thereby withdrawn from commerce, and title thereto could not be acquired by prescription. (*Board of Education v. Martin*, 92 Cal. 209.)

The judgment is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.